Johnson, J.,
delivered the opinion of the Court.
We are all of opinion, that there is no foundation for this appeal. The defendant has offered to perform the decree of the Court of Appeals, by tendering a deed, prepared in the form prescribed by the act of 1795, as “valid and effectual, to convey from one person to another, the fee simple of any land, or real estate.” The terms of the order did not require that the wife’s dower should be renounced ; and the right of dower would be worth but little, if the Court could leave the wife no alternative, but to renounce it, or submit to the perpetual imprisonment of the husband. “ Good and sufficient titles,” mean such as the husband was competent to make, and not such as by force, or persuasion, he could extort from his wife.
The deed, whenever it is executed, can, as a deed, take effect *380 on^ ^rom delivery. I cannot, therefore, perceive any ad vantage, which will arise from antedating it, as of the decree. The effect, which the sale of the land by the sheriff may have on the rights of the complainant, can only be determined, when the pur- , , . . , „ , . _ chaser under ¡t is before the Court; and any expression of opinion on the questions, that might arise out of it, would be extra-judicial. I incline to think, however, that the complainant would be protected on the principle of lis pendens. The appeal is dismissed.
O’Neall, J., and Harree, J., concurred.

Appeal dismissed.